THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* FRANCISCO LEÓN SANTOS, Defendant and Appellant.

No. 10532.   Argued June 8, 1944.—Decided July 3, 1944.

*Francisco García Quiñones* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, and *Luis Negrón Fernández, Assistant Prosecuting Attorney*, for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In an appeal to the lower court three cases were heard in each of which Francisco León Santos was charged with aggravated assault and battery. Upon stipulation of the parties the three cases were submitted on the same evidence. In two of them the accused was found guilty of aggravated assault and battery. In the first of these cases, in which a penalty of three months in jail was imposed, the aggravating circumstance consisted of the serious physical injury suffered by the victim, and in the other, where the penalty imposed was that of two months in jail, in that the injured party was a woman, it having been admitted that the accused was an adult male. In the case of simple assault and battery, the accused was sentenced to a month in jail with costs. The evidence as to certain points was conflicting. The evidence for the prosecution, which was accorded credit by the lower court, tends to prove that on the day of the occurrence the accused entered a cafe where Mario Urdaneta and others were playing dominoes; that on no provocation by Urdaneta or his friends, the accused insulted Urdaneta and attacked him with his fists and with a bench, leaving the victim in such a condition that the persons therein present believed him to be dead; that the accused immediately fled, and a group of fifteen or twenty persons who had gathered in the

place ran after him with the purpose of arresting him and delivering him to the authorities; that the accused, on seeing himself pursued by said persons, threw several stones at them, one of which inflicted a serious wound on the face of Rosalía Melián Avilés, who was looking out of her window; and somewhat later, the accused saw an old man, Jacinto Budén Cora, and he told him: "I'll kill this old man," immediately throwing two stones at him, the first of which hit the old man in the leg, forcing him to receive medical treatment for some time and to stay in bed at home without being able to work for over two months; and the other stone hit Budén on his left side; that after running several hectometers, the accused was arrested by a policeman at whom the pursuers of the accused shouted that he had killed a man.

The evidence for the defense tended to prove that the accused had acted in self-defense.

We have examined all the evidence which the district judge had before him and we do not find that he erred in deciding the conflict in the evidence, and much less that he acted with passion, prejudice, and partially. We only find that he committed error in the imposition of the penalty in the case of simple assault and battery. In that case the penalty imposed on the accused was thirty days in jail, which is not that set by law for the crime of simple assault and battery. Section 5 of the Act of March 10, 1904, to define and punish assault, simple assault and battery, and aggravated assault and battery (Penal Code, 1937 ed., p. 154) provides that punishment for a simple assault, or for assault and battery, without circumstances of aggravation, shall be a fine of not less than one nor more than fifty dollars.

In view of the error committed in the imposition of the penalty in the case of simple assault and battery and considering the circumstances in said case, the judgment entered

must be modified so as to sentence the accused to pay a fine of fifty dollars with costs, and in default thereof, to serve one day in jail for each dollar of the fine that remains unpaid. See §54 of the Code of Criminal Procedure.

Thus modified, the judgment in the case of simple assault and battery is affirmed, and the two other judgments appealed from are also affirmed.